Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501       Fax (323) 937-4503
e-mail: BCC4929@gmail.com
Linkedin Profile: http://www.linkedin.com/in/baruchcohen

*Attorneys For Plaintiffs STEVE & CHAGIT GRANITZ*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA COURTHOUSE

| | |
|---|---|
| In re | Case No. 8:14-bk-12736-CB |
| LIOR BITTON | Before the Honorable Catherine E. Bauer |
|     Debtors. | Chapter 7 |
| STEVE & CHAGIT GRANITZ, | Adversary _____ |
|     Plaintiffs. | |
| vs. | **COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6)** |
| LIOR BITTON | |
|     Defendants | |

TO THE HONORABLE JUDGE CATHERINE E. BAUER:

    Plaintiffs, STEVE & CHAGIT GRANITZ (hereinafter, "Plaintiffs"), creditors and parties in interest in the above-referenced bankruptcy proceeding, file this Complaint to Determine Nondischargeability of Debt under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6) ("Complaint")[1] against Debtor/Defendant LIOR BITTON (hereinafter, "Defendant"), and in support thereof respectfully represent to the Court as follows:

---

    [1]Plaintiffs reserve the right to amend and/or supplement their Complaint once they receive notification that other creditors objected to the Debtor's discharge pursuant to 11 U.S.C. § 727.

Complaint
8/4-3:15pm

**JURISDICTION & PARTIES**

1. This court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §§ 1334 and 157(b)(2)(I), 523(a)(2)(A), (a)(4), (a)(6) since this is a proceeding to determine the nondischargeability of a particular debt, and is related to the Chapter 7 bankruptcy case of Debtor/Defendant LIOR BITTON (the "Debtor") 8:14-bk-12736-CB, which is currently pending before this Court in the Central District of California, Santa Ana courthouse.[2]

2. This Court has fixed August 11, 2014 as the last day to file a Complaint to Determine Nondischargeability of Debt Under 11 U.S.C. § 523. This Complaint, therefore, has been timely filed.

3. The Debtor may be served, pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to Debtor's counsel of record: Alan F Broidy, 1925 Century Park E 17th Fl, Los Angeles, CA 90067, and to Debtor at LIOR BITTON, 7521 Edinger Avenue, No. 4632, Huntington Beach, CA 92647, which address constitutes either the Debtor's dwelling house or usual place of abode or the place at which the Debtor regularly conducts a business or profession.

4. Plaintiffs STEVE & CHAGIT GRANITZ are individuals residing in Beverly Hills, California. Plaintiffs are creditors of the Debtor.

5. Defendant LIOR BITTON is an individual residing in Huntington Beach, California. Defendant is a debtor of the Plaintiffs.

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. § 101-1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001-9036. Federal Rule of Bankruptcy Procedure 7001(4) provides that an adversary proceeding is governed by the rules of this Part VII. It is a proceeding to object to or revoke a discharge. 28 U.S.C. § 1334 provides that the district courts shall have original and exclusive jurisdiction of all cases under Title 11 28 U.S.C. § 157(b)(2)(J) provides that Bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this Title. (2) Core proceedings include, but are not limited to - (J) objections to discharges. 28 U.S.C. § 1409(a) provides that except as otherwise provided in subsections (b) and (d), a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district court in which such case is pending.

## FACTUAL ALLEGATIONS AGAINST DEFENDANT

6. Upon information and belief, Defendant formed PDG DIAMONDS; PDG DIAMONDS, INC.; & PDG DIAMONDS, LTD, (hereinafter, collectively, "PDG") with the intention of avoiding personal liability for the financial scheme described herein.

7. Plaintiffs are informed and, on that basis allege, that Defendant used PDG as an alter ego by, among other things:

8. Commingling personal and corporate funds and other assets;

   1. Diverting corporate funds or assets to uses other than the benefit of the corporation or the satisfaction of its obligations and debts;
   2. PDG's corporate assets as their own;
   3. Failing to maintain separate and adequate corporate records;
   4. Failing to capitalize PDG adequately;
   5. Using PDG as a mere shell, instrumentality, or conduit for personal business activities; and
   6. Using PDG as a shield against personal liability or as a subterfuge for illegal transactions.

9. Plaintiffs are informed and believe, and based thereon allege, that Defendant, PDG, and Defendant's wife, BETTY BITTON (hereinafter, "Bitton"), were the agent, alter ego, servant, co-conspirator and/or representative of each of the other and at all times herein relevant were acting within the authorized scope and course of said agency, conspiracy and employment and all of said acts, conduct or omissions were subsequently ratified by the respective principals and accepted by the principals of each other.

10. Plaintiffs are informed and believe, and based thereon allege, that Defendant, PDG, and Bitton were the agent, employee, servant, partner or co-conspirator of each of the other defendants or is in some other manner legally liable for the conduct and damages at issue in this action and were acting within the course and scope of one or more of such relationships and with the direct or implied knowledge, consent or ratification of each of each other.

Complaint
8/4-3:15pm

3

11. Plaintiffs, Defendant and Bitton, were long-time close and personal friends, confidants (who knew of Plaintiffs' finances, private circumstances and vulnerabilities) have known each other for over many years.

12. During Defendant's long term relationship with Plaintiffs, they confidentially trusted Defendant's friendship and advice.

13. Plaintiffs are not in the business of buying and selling diamonds. Defendant is.

14. On or about June 2011, Plaintiff Steve Granitz told Defendant about 3 diamonds that he had bought from Sam Mesica. The three diamonds were comprised of an 18.35 carat white diamond, a 7.26 carat white diamond, and a 6.03 carat yellow diamond, At all relevant times the subject diamonds were collectively valued well over $500,000.00. Defendant told Plaintiff that he could sell the diamonds fast, that he had customers that would buy them pretty quickly. Defendant also told Plaintiff not to sell his diamonds through Sam Mesica because Defendant would get a better price for Plaintiff. Plaintiff asked Defendant what would he take to sell the stones and Defendant said he would take something small off the top, but not to worry, that he just wanted to sell them for Plaintiff and that the parties would decide on Defendant's fee thereafter.

15. On or around July or August of 2011 Defendant instructed Plaintiff to go to his safe deposit box at Citibank Third & Fairfax in Los Angeles and give the stones to Defendant's wife Betty, and she would bring the stones to Defendant to sell.

16. On or about September 9, 2011, Plaintiff went to the bank, took 3 yellow diamonds out of the safe deposit box and then handed the 3 stones to Bitton (3 yellow stones: 1 was over 18 carats, the 2nd stone was over 7 carats, and the 3rd stone was over 6 carats). Plaintiff and Bitton were in the Citibank parking lot, when Bitton told Plaintiff not to worry about anything, stating: "you could trust us."

17. On or about December 23, 2011, Defendant represented to Plaintiff that the 3 stones were "insured."

18. As time went by, the Defendant provided excuses to Plaintiffs for the delay in selling the diamonds. Eventually, the Defendant returned the 6.03 carat yellow diamond to Plaintiffs

|   |     |   |
|---|-----|---|
| 1 |     | which was valued at $55,000. Therefore, it was believed and understood by Plaintiffs that |
| 2 |     | the Defendant still retained the remaining two diamonds for sale. Those two diamonds |
| 3 |     | were at all relevant times valued, at the very least, in the sum of $465,357.56. |
| 4 | 19. | Plaintiffs ultimately learned that the Defendant had, indeed, sold or traded the two subject |
| 5 |     | remaining diamonds and the Defendant kept the entire proceeds of the sale/trade. In an |
| 6 |     | effort for Plaintiffs to recover something for the subject two remaining diamonds, the |
| 7 |     | Defendant and Plaintiff agreed in April 2013 that Defendant would pay Plaintiffs $27,500 |
| 8 |     | per month for 17 consecutive months for a total of $467,500. Plaintiffs received an initial |
| 9 |     | $27,500 check that they were able to cash/deposit it, but the second check was returned for |
| 10 |    | insufficient funds thereby causing Defendant to wire $27,500 to Plaintiffs to cover the |
| 11 |    | dishonored second check. Thereafter, and up to the present, which has now been well over |
| 12 |    | one year, the Defendant paid Plaintiffs nothing further and has failed to provide anything |
| 13 |    | of other value to Plaintiffs. Therefore, there is $412,500 due and owing to Plaintiffs under |
| 14 |    | the aforementioned installment payment agreement, plus interest thereon at the maximum |
| 15 |    | legal rate until paid, or the subject two remaining diamonds, plus any and all other |
| 16 |    | damages available to the Plaintiffs as the law so allows. |
| 17 | 20. | Plaintiffs have made multiple demands for the return of the diamonds or payment therefor. |
| 18 |    | In response to said demands, the Defendant engaged in a concerted plan of obfuscation and |
| 19 |    | excuses, none of which provide an adequate remedy at law or in equity.  It remains clear |
| 20 |    | that the Defendant never intended to honor any agreement with Plaintiffs and that the |
| 21 |    | Defendant at all times simply wanted to get, and succeeding in getting, his hands on the |
| 22 |    | subject diamonds which the Defendant at all relevant times never intended to return to |
| 23 |    | Plaintiffs or provide appropriate compensation therefor. The Defendant merely engaged in |
| 24 |    | a ruse to obtain the subject diamonds from Plaintiffs and then reap the spoils thereof and |
| 25 |    | therefor without providing just compensation to Plaintiffs as agreed or otherwise. |
| 26 | 21. | At all times, Defendant never intended to pay for the subject diamonds as agreed or |
| 27 |    | otherwise. The Defendant simply concocted a ruse to secure the diamonds from Plaintiffs |
| 28 |    | while Defendant knew well at all times that they never intended to honor any agreement |

      with Plaintiffs or any of his representations to Plaintiffs related to the subject diamonds. The Defendant always intended to keep most, if not all, of the proceeds of the sale/trade of the subject diamonds while representing otherwise to Plaintiffs in order for Plaintiffs to provide the diamonds to Defendant.

22. Plaintiffs are informed and believe, and based thereon allege, that, at all times relevant herein, that when Defendant made the above representations and material omissions, that he knew them to be false, fraudulent or deceptive, and made them with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance thereon.

23. At the time the above misrepresentations and material omissions were made, Plaintiffs were ignorant of their falsity and believed them to be true and did, in fact, rely on such fraudulent representations and omissions as evidenced by the fact that they placed their 3 stones in Defendant's hands. This reliance was reasonable because Defendant actively misrepresented, suppressed, concealed and failed to disclose the truth.

24. Plaintiffs are informed and believe, and based thereon allege, that, at all times relevant herein, that Defendant's acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish Defendant and deter future similar misconduct.

25. Defendant, in acting as set forth herein, wrongfully exerted dominion over the property of Plaintiffs, specifically, the two subject diamonds referenced above. Such was, and is, an actual interference with Plaintiffs' ownership or right of possession of said property. In light of the Plaintiffs' ownership or right to possession of the property referenced above, the Defendant converted by wrongful acts or disposition of Plaintiffs' property rights, and Plaintiffs were damaged by said conversion.

26. Plaintiffs were, and are, entitled to immediate possession of the property referenced above at the time of conversion.

27. Defendant assumed control or purported ownership over the property set faith above, and/or the Defendant has applied said property and/or the proceeds thereof to his own use.

28. Based upon the above conversion of property, Plaintiffs have been damaged in a sum according to proof. Furthermore, Plaintiffs are entitled to repossession of the converted property.

29. Defendant acted with malice, oppression and fraud, thereby warranting Plaintiffs' recovery of punitive damages in a sum according to proof.

30. Plaintiffs also request the imposition of a constructive trust and an equitable lien on the subject property and/or proceeds thereof/therefrom in light of Defendant's unjust enrichment by their retention of said property and/or the proceeds thereof/therefrom.

31. On February 19, 2014, 2011, Plaintiff Steve Granitz filed a lawsuit against Defendant in the Superior Court of Los Angeles in Santa Monica entitled *Granitz vs, Bitton*, LASC # SC122093.

## FIRST CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT TO PLAINTIFFS UNDER 11 U.S.C. §523(a)(2)(A)

32. Plaintiffs repeat, reallege and embody herein by this reference paragraphs 1-31 above, as if fully set forth herein.

33. Plaintiffs allege that the claims for relief arising from the actions and omissions of Defendant as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A), in that they establish claims for money "obtained by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Upon information and belief, such actions/omissions were undertaken in furtherance of a fraudulent financial scheme to defraud Plaintiffs.

34. As a result of Defendant's actions and omissions identified herein, he has received a benefit from Plaintiffs in excess of $467,500, based upon false pretenses, false representations, and actual fraud, other than a statement respecting his or any insider's financial condition.

35. As a result of such actions/omissions, the Plaintiffs have accordingly been damaged by Defendant in an amount in excess of $467,500, plus interest, costs and attorneys' fees which continue to accrue.

36. Accordingly, pursuant to Bankruptcy Code Section 523(a)(2)(A), the above described claims for relief are non-dischargeable.

## SECOND CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT TO PLAINTIFFS UNDER 11 U.S.C. §523(A)(4)

37. Plaintiffs repeat, reallege and embody herein by this reference paragraphs 1-36 above, as if fully set forth herein.

38. Plaintiffs allege that the claims for relief arising from the actions and omissions of Defendant, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(4) in that they establish a claim for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Upon information and belief, and as set forth above, Defendant undertook the fraudulent actions/omissions described herein while acting in a fiduciary capacity for the Plaintiffs (selling Plaintiffs' diamonds on consignment) and such actions/omissions were undertaken in furtherance of a fraudulent financial scheme to permanently deprive the Plaintiffs and others of their money.

39. As a result of Defendant's actions and omissions identified herein, he has received a benefit from the Plaintiffs in excess of $467,500, through his role as the Plaintiffs' fiduciary and through fraud, defalcation, embezzlement and larceny.

40. As a result of such actions/omissions, Plaintiffs have accordingly been damaged in an amount in excess of $467,500 plus interest, costs and attorneys' fees which continue to accrue.

41. Accordingly, pursuant to Bankruptcy Code Section 523(a)(4), the above described claims for relief are non-dischargeable.

## THIRD CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT TO PLAINTIFFS UNDER 11 U.S.C. §523(a)(6)

42. Plaintiffs repeat, reallege and embody herein by this reference paragraphs 1-41 above, as if fully set forth herein.

43. Plaintiffs allege that the claims for relief arising from the actions and omissions of Defendant, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section

|   |   |   |
|---|---|---|
| 1 |  | 523(a)(6) in that it reflects "willful and malicious injury by the debtor to another entity or the property of another entity." Upon information and belief, such actions/omissions were undertaken in furtherance of a fraudulent financial scheme to deprive the Plaintiffs and others of their money through false promises, fraudulent inducements, deception and actual fraud, which caused the Plaintiffs to deposit their 3 diamonds with Defendants and his alter egos. |
| 7 | 44. | Each of the actions/omissions of Defendant set forth herein were undertaken willfully and with the intent to permanently deprive the Plaintiffs of their 3 diamonds and their monies. |
| 9 | 45. | As a result of Defendant's actions and omissions identified herein, he has received a benefit from the Plaintiffs in excess of $467,500, based upon his willful and malicious actions in depriving the Plaintiffs of their money and property. |
| 12 | 46. | As a result of such actions/omissions, the Plaintiffs have accordingly been damaged in an amount in excess of $467,500, plus interest, costs and attorneys' fees which continue to accrue. |
| 15 | 47. | Accordingly, pursuant to Bankruptcy Code Section 523(a)(6), the above described claims for relief are non-dischargeable. |

**FOURTH CAUSE OF ACTION FOR UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICE CAL. BUS. & PROF. CODE § 17200. ET SEQ.**

48. Plaintiffs repeat, reallege and embody herein by this reference paragraphs 1-47 above, as if fully set forth herein.

49. Defendant's actions as complained of herein were undertaken in the course of business activities, and constitute one or more unfair, unlawful or fraudulent business practices under California Business and Professions Code Sections 17200, et seq., in violation of California Business & Professions Code § 5063.3(a), 15 U.S.C. § 6803, 18 U.S.C. § 1028, Cal. Pen. Code § 496.

50. By reason of defendant's unfair, unlawful, or fraudulent business practices, Plaintiffs are entitled to full and immediate restitution of the balance owed as well as their attorneys' fees and costs in bringing and litigating this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court, upon trial:

1. For a determination that the claim(s) for relief set forth herein are nondischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A), in that they establish claims for money "obtained by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

2. For a determination that the claim(s) for relief set forth herein are nondischargeable pursuant to Bankruptcy Code Section 523(a)(4) in that they establish a claim for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

3. For a determination that the claim(s) for relief set forth herein are nondischargeable pursuant to Bankruptcy Code Section 523(a)(6) in that they reflect "willful and malicious injury by the debtor to another entity or the property of another entity."

4. Order that the Defendants indebtedness to Plaintiffs in the amount of $467,500 constitutes a nondischargeable debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6).

5. Grant a nondischargeable judgment in the amount of $467,500 in favor of Plaintiffs and against the Defendant plus prejudgment and postjudgment interest as provided by law, reasonable attorneys' fees, costs and expenses, and for punitive and exemplary damages in an amount to be proven at trial;

6. Grant Plaintiffs such other and further relief to which Plaintiffs may be justly entitled;

DATED:    August 4, 2014            LAW OFFICE OF BARUCH C. COHEN, APLC

*/s/ Baruch C. Cohen*
Baruch C. Cohen, Esq.
*Attorneys for Plaintiffs*

FORM B104 (08/07)     2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> STEVE & CHAGIT GRANITZ | **DEFENDANTS** <br> LIOR BITTON |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> LAW OFFICE OF BARUCH C. COHEN, APLC <br> 4929 Wilshire Boulevard, Suite 940, Los Angeles, CA 90010 <br> (323) 937-4501 | **ATTORNEYS** (If Known) <br> Alan F Broidy, Esq. <br> 1925 Century Park E 17th Fl, Los Angeles, CA 90067 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor   ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 467,500.00 |

Other Relief Sought
Plaintiffs also request imposition of a constructive trust and an equitable lien on the subject property and/or proceeds thereof /therefrom in light of Defendant's unjust enrichment by its retention of said property and/or proceeds thereof /therefrom.

**FORM B104 (08/07), page 2**     2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> Lior Bitton | | **BANKRUPTCY CASE NO.** <br> 8:14-bk-12736-C |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Bauer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> */s/ Baruch C. Cohen* |||
| **DATE** <br> 8/4/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Baruch C. Cohen, Esq. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.